UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISON
www.flsb.uscourts.gov

MB Ritz Villa, LLC  :  CASE NO. 25-22394 CLC
                                       :  Chapter 11

    Debtor.
_____/

## UNITED STATES TRUSTEE'S EMERGENCY MOTION TO DISMISS OR CONVERT CASE TO A CASE UNDER CHAPTER 7 AND SHORTEN NOTICE

**(Emergency Hearing Requested – No insurance provided. The failure to provide insurance may leave the estate at risk and is harmful to the estate. Therefore, the United States Trustee requests that a hearing on the motion be set at the Court's earliest convenience)**

      The United States Trustee for Region 21, in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. §586(a) respectfully moves this Court to enter an Order dismissing the chapter 11 cases or converting the cases to chapter 7 pursuant to 11 U.S.C. § 1112(b) and Shorten Notice. As cause therefore, the United States Trustee shows as follows:

### RELEVANT BACKGROUND

1.    On October 7, 2025, MB Ritz Villa LLC ("MB Ritz Villa"), filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code (Dkt. No. 1)[1].

2.    A committee of unsecured creditors has not been appointed in this case.

3.    The 341 Meeting of Creditors is scheduled for November 21, 2025 (Dkt. No. 4).

---

[1] On October 7, 2025, MB Ritz, LLC ("MB Ritz"), also filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code. Although related, the MB Ritz Villa and MB Ritz cases are not being jointly administered. MB Ritz owns a separate property and will be the subject of a separate motion to convert or dismiss for failure to provide proof of insurance and cure filing deficiencies.

4. The Clerk of Court issued the following Deficiency Notice on September 15, 2025 ("Deficiency Notice") (Dkt. No. 2):

> Notice of Incomplete Filings Due Required Chapter 11 Case Management Summary. Chapter 11 debtors (other than individuals not engaged in business) must file Local Form "Chapter 11 Case Management Summary" on the earlier of three business days after the petition date, or one business day before the first scheduled hearing on any motion. [See Local Rule 2081-1(B)]. [Deficiency Must be Cured by 10/29/2025]. List of Twenty Largest Unsecured Creditors Due: 10/29/2025. Corporate Ownership Statement due 10/29/2025. Chapter 11 Small Business Documents and/or Subchapter V due by 10/29/2025. List of Equity Security Holders due 11/4/2025. Summary of Your Assets and Liabilities and Certain Statistical Information due 11/4/2025. Schedule A/B due 11/4/2025. Schedule D due 11/4/2025. Schedule E/F due 11/4/2025. Schedule G due 11/4/2025. Schedule H due 11/4/2025.Statement of Financial Affairs Due 11/4/2025.Declaration Concerning Debtors Schedules Due: 11/4/2025.

5. The Debtor filed its Case Management Summary (Dkt. No. 8) but failed to file its Bankruptcy Schedules and Statement of Financial Affairs or cure the remaining items on the Deficiency Notice.

6. On October 29, 2025, the Debtor filed a motion to extend the deadline to file the missing documents. To date, the Court has not granted the motion.

7. The Debtor's primary asset in this case appears to be a residential property located at 1031 W. 48th Street, Miami Beach, Florida 33140 with a value of $9 million (the "Property").

8. Upon information and belief, the Debtor's insider resides at the Property.

9. The Debtor failed to provide proof of casualty, wind/hurricane, and flood insurance for the Property as well as general liability insurance which poses a risk to the estate.

10. Since it is now hurricane season, it is unlikely that adequate insurance coverage will be in place to protect this estate without an extended waiting period, if at all.

11. Failure to cure the Deficiency Notice, comply with the Guidelines and provide proof of insurance is grounds for dismissal or conversion of the case. Accordingly, the case should be dismissed or converted.

## ARGUMENT

### I. DISMISSAL OR CONVERSION OF THE CASE IS APPROPRIATE.

Dismissal or conversion of Chapter 11 cases is governed by Section 1112(b) of the Bankruptcy Code, which provides that a bankruptcy court shall convert or dismiss a case, whichever is in the best interests of creditors and the estate, if the movant establishes cause. *See* 11 U.S.C. § 1112(b). The term "cause" is not defined by the Bankruptcy Code, but Section 1112(b)(4) lists sixteen (16) examples of cause which justify conversion including, but not limited to, the following:

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
> (B) gross mismanagement of the estate;
> (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
> (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;
> (E) failure to comply with an order of the court;
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by [the Bankruptcy Code] or by any rule applicable to the case under [Chapter 11];
> (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;
> (H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);
> (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;
> (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;
> (K) failure to pay any fees or charges required under chapter 123 of title 28;
> (L) revocation of an order of confirmation under section 1144;
> (M) inability to effectuate substantial consummation of a confirmed plan;
> (N) material default by the debtor with respect to a confirmed plan;
> (O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and

(P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

11 U.SC. § 1112(b)(4).  The examples set forth in this subsection are meant to be nonexclusive.  *See, In re Global Shipments, LLC*, 391 B.R. 193, 204–05 (Bankr. S.D. Ga. 2007).

In this case, the record supports a finding of cause, at a minimum, under Sections 1112(b)(4) (B),(C), and (H).  The Debtor failed to provide proof of insurance which poses a great risk to the estate, failed to file Bankruptcy Schedules and Statement of Financial Affairs or cure the remaining filing deficiencies. The failure to maintain adequate insurance coverage to protect the estate further indicates gross mismanagement of the estate and cause for dismissal.

Pursuant to 11 U.S.C. § 1112(b) in general as well as §§ 1112(b)(4)(B)(C)(E) and (H), the above detailed actions alone are sufficient cause for dismissal or conversion of a Chapter 11 case. The United States Trustee reserves the right to supplement this motion and provide additional grounds in support dismissal of this chapter 11 case at a hearing to consider this matter.

The United States Trustee believes that the facts set forth in the Motion warrant this Court to reduce the required noticing period pursuant to Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure and to set this hearing on shortened notice.

**WHEREFORE**, based upon the foregoing, the United States Trustee respectfully requests that this Court enters an order dismissing the case with prejudice; to shorten notice of hearing pursuant to Rules 2002 and 9006 and grant such other further relief as may be just and proper.

                                        Respectfully submitted,
                                        GUY A. VAN BAALEN
                                        Acting United States Trustee,
                                        Region 21

                                        _____  /s/_____
                                        Steven D. Schneiderman
                                        Trial Attorney

Office of the U.S. Trustee
51 SW First Street, Room 1204
Miami, Florida 33130
305 536-7285

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the attached **UNITED STATES TRUSTEE'S EMERGENCY MOTION TO DISMISS OR CONVERT CASE AND SHORTEN NOTICE** was sent via CM/ECF to those parties denoted by an * and via U.S. Mail, properly addressed and with correct postage to the following:

*Jennifer Waugh Corinis    jennifer@federal-lawyer.com

*Ariel Sagre    law@sagrelawfirm.com

See Exhibit "A" attached hereto.

DONE this the 10th day of November 2025.

                                        /s/
                              HEIDI A. FEINMAN
                              Assistant United States Trustee

Office of the U.S. Trustee
51 SW First Avenue
Room 1204
Miami, FL 33130
(305) 536-7285